IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD CARLTON SMITH (ALSO KNOWN AS
SHUJAA RAASHID-RASHAAD

        Plaintiff,

        *v.*                              Case No. 12-3042-JTM

DARRELL FROMM *and* GARCIA,

        Defendants.

## MEMORANDUM AND ORDER

Todd Carlton Smith (also known as Shujaa Raashid-Rashaad), a prisoner incarcerated in the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, was terminated from his kitchen duty assignment at the prison after being seen stealing brownies from a bakery cart. Smith argues that this termination was discrimination against him as a "white muslim," claiming that inmates of Mexican origin also stole brownies but were not disciplined. Smith originally filed suit in Butler County, Kansas District Court against defendants Darrell Fromm and Garcia (whose first name is unknown), individuals associated with ARAMARK, a private food service contractor.

The defendants removed the action to this court, and have moved to dismiss Smith's claims. In addition to responding to the motion to dismiss, Smith has also moved to remand the action, contending that removal on federal question grounds was improper, since the defendants are simultaneously moving to dismiss the action for a lack of jurisdiction (Dkt. 13, at 8-9), and impose sanctions, on the grounds of fraud.  (Id. at 13-16).

Fromm is an ARAMARK Food Director, and Garcia is an ARAMARK Food Assistant Director. Smith does not allege that he is or was ever an employee of ARAMARK. Smith has not filed any claim of discrimination with the Equal Employment Opportunity Commission. He seeks compensation for the alleged discriminatory acts and his eventual removal as a kitchen or Sanitation Worker.

The court will grant the motion to dismiss. This result is appropriate on four separate grounds. First, while Smith has styled his claim as one falling under 42 U.S.C. § 1983, this action is in substance a claim of employment discrimination. It is uncontroverted that Smith is aprisoner, not an ARAMARK employee. Not only has he made no attempt to resolve his claims by any administrative charge before the EEOC, which would bar his claim for a lack of exhaustion, *see Shikles v. Sprint/United Mgt.*, 426 F.3d 1304, 1317 (10th Cir. 2005), he cannot state a claim against ARAMARK, as explained below.

As Smith is an inmate of EDCF and not an ARAMARK employee, and as ARAMARK is a private entity, inmates associated with kitchen services do not have an actionable employee-employer relationship with the company. *Lockett v. Neubauer*, No. 05-3209-SAC, 2005 WL 3557780 (D. Kan. Dec. 29, 2005).

Third, Smith has only brought *individual* claims against Fromm and Garcia. But federal employment discrimination laws authorize suits only against the employer, no individual supervisors. *Sauers v. Salt Lake City*, 1 F.3d 1122, 1125 (10th Cir. 1993).

Finally, Smith's general claims of constitutional deprivations lack merit because Fromm and Garcia are not state actors, but employees of a private company. *See*

*Harrison v. Richardson*, No 09-3050-SAC , 2009 WL 735128, *2 (D. Kan. March 19, 2009). Smith has failed to identify any right to continued kitchen employment. *See Robinson v. Cavanaugh*, 20 F.3d 892, 894 (8th Cir. 1994) (holding there is no constitutional right to prison employment). Further, while Smith repeatedly invokes the Compact between Florida and Kansas, by which the former authorized his incarceration in the latter, the plaintiff has failed to show that the Compact either created any guarantee of prison employment, or separately authorizes a private right of action by aggrieved inmates. Moreover, even assuming Smith had made such a showing, it would not justify his current constitutional claims against two individual employees of a private actor.

The court finds that the case was properly removed. The court also finds no justification for any finding of fault or imposing sanctions on the defendants or their counsel. Finally, the court finds that Smith's claims should be dismissed pursuant to Fed.R.Civ.Pr. 12(b)(6).

IT IS ACCORDINGLY ORDERED this 6th day of August, 2012, that the defendants' Motion to Dismiss (Dkt. 5) is granted; the plaintiff's Motion to Remand and for Sanctions (Dkt. 12) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE